ERNESTO PONCE *vs.* AUGUSTINE D. SMITH, and others.

Cumberland.    Opinion February 4, 1892.

*Contract.    Interpretation.    Partial Performance.    Damages.*

An agreement by a caterer with a committee of Masonic Societies to furnish, for fifteen hundred dollars, dinners on a public occasion for two thousand Masons, and also to furnish free of charge dinners to as many musicians as might accompany the Masons on such occasion, is in effect an agreement that the caterer shall receive that sum for all the dinners to be so furnished including those partaken by the musicians.

The caterer failing to furnish as good an entertainment as he agreed to, although acting in good faith, he may recover upon the contract the stipulated price less a sum equal to what it would have cost to supply the deficiency.

If, however, the parties in an action for the price of the dinners assent to the rule (not strictly legal) that the caterer may recover for the value of the food actually consumed on the occasion, it should be the value of the food consumed by both Masons and musicians.

The contract is the guide by which the differences of the parties are to be adjusted.

ON EXCEPTIONS.

This was an action of assumpsit on a written contract to recover of the defendants a sum of money for furnishing a clam bake with the usual accompaniments, for a Masonic excursion, at Long Island, Portland, on the twenty-fourth of June, 1890.

The declaration contained, besides the common counts, including an account annexed of two thousand one hundred and sixty dollars and ninety-seven cents, a special count on the contract. Plea general issue, and brief statement of special matter

of defense, that the plaintiff failed to perform his contract and had forfeited all claim to recover; also that by the terms of the contract the defendants were not liable, &c.

The case was tried to a jury, in the Superior Court for Cumberland County, who returned a verdict of five hundred dollars for the plaintiff. During the trial, in which it appeared that one thousand eight hundred and seventy-eight Masons and three hundred and sixty-eight musicians were at the tables, the plaintiff requested rulings and instructions relating to the construction of the contract, and the measure of damages, which are found fully stated in the opinion, together with the written contract. After verdict the plaintiff alleged exceptions.

*John J. Perry and D. A. Meaher*, for plaintiff.

Taking defendants' contract price for each meal, seventy-five cents, the verdict should have been one thousand four hundred and eight dollars and fifty cents. Assuming there was a deficiency, plaintiff was entitled to a fair compensation, in fixing the price, having furnished all necessary tables, seats and dishes, besides the food, whether within or outside the contract. There is nothing to show that plaintiff agreed to furnish free dinners to the bands. Defendants sold one thousand eight hundred and seventy-eight tickets and kept the money instead of paying plaintiff a fair and equitable sum for the dinners eaten by them and the bands.

*N. and H. B. Cleaves, Stephen C. Perry*, for defendants.

All questions as to the fulfillment of this contract, and as to whether there had been a waiver, were properly left to the jury. The verdict shows, that under the instructions given by the court the jury found, there had not been a fulfillment of the contract on the part of the plaintiff. Can a party who has entered into a special contract to do or perform certain things for a stipulated price, and to do other things in connection with such special contract, without compensation, violate his contract and compel the party who is willing to carry it out in good faith, to pay a sum that he would not be required to pay had the contract been fulfilled by the defaulting party? In this case the plaintiff attempts to avoid his contract. He is seeking to avoid

the responsibilities of a written contract which he entered into with these defendants, wherein he agreed, as the party of the second part, "that all members of bands of music present, shall be entitled to their dinners at the expense of the party of the second part and without charge to the party of the first part."

The plaintiff asks the court to apply a rule of law that would punish an innocent party, on account of the plaintiff's unfaithfulness.    This the law will not permit.

Damages : Where there has been no intentional departure from the contract, or failure to perform it, but the party has acted in good faith in the endeavor to fulfill it in terms, he may recover in case of failure, what his services are reasonably worth, less the damage caused by such failure.    In all such cases proof of an intention, *bona fide*, to perform the contract fully, has been held indispensable to a recovery.    *Wade* v. *Haycock*, 25 Penn. State, 382 ; *Veazie* v. *Bangor*, 51 Maine, 509 ; *Ladue* v. *Seymour*, 24 Wend. 60 ; *Hayden* v. *Madison*, 7 Maine, 76 ; *White* v. *Oliver*, 36 Maine, 92 ; *Champlin* v. *Butler*, 18 Johns. 169 ; *Holden Steam Mill* v. *Westervelt*, 67 Maine, 451 ; *Morgan* v. *Hefler*, 68 *Id*. 131 ; *Marshall* v. *Jones*, 11 *Id*. 54 ; *Jewett* v. *Weston*, *Id*. 346 ; Suth. Damages, pp. 507, 510, 512, 518 ; *Hayward* v. *Leonard*, 7 Pick. 181 ; *Snow* v. *Ware*, 13 Met. 42 ; *Bee Printing Co*. v. *Hichborn*, 4 Allen, 63 ; *Austin* v. *Austin*, 47 Vt. 311.    In a recovery on a *quantum meruit*, there should be an apportionment of so much of the agreed compensation to the contractor as he has earned in what he has done ; he should be allowed to recover such part of the entire compensation as is equal to the part he has performed of the entire contract.    A contractor, as an inducement to procure a contract, may stipulate to perform certain independent items, connected with or incidental to the contract, without charge.    The theory upon which the contractor acts in making such contract may be, that the compensation agreed to be paid for the performance of certain stipulated obligations is sufficient to enable him to perform certain other stipulated service without charge.

PETERS, C. J. The rights of the parties to this suit depend upon the rule of damages that should be applied for plaintiff's

partial failure to perform his part of the following contract executed by them:

"Portland, May 23rd, 1890.

"Memorandum of agreement between A. D. Smith, C. J. Farrington, Israel Hicks, M. A. Dillingham and G. E. Raymond, all of Portland, of the first part, and E. Ponce of the second part, made and entered into this twenty-third day of May, A. D., 1890, witnesseth:

"The party of the second part hereby promise and agree with the party of the first part to provide and furnish a dinner at Long Island at the Masonic celebration on the twenty-fourth day of June, A. D., 1890, for not less than two thousand persons, and the members of such bands of music as may be present in addition, at two o'clock in the afternoon, and furnish all necessary tables, seats, dishes, and waiters to serve the dinner promptly and satisfactorily. The dinner to consist of a clam bake, with the usual accompaniments of lobsters, eggs, sweet and Irish potatoes, brown bread, white bread, pilot bread, baked beans and pork, and coffee, sufficient supply of milk, sugar, butter, pepper and vinegar, salt in the cooking, to be done and the whole dinner to be got up to the satisfaction of the party of the first part. Bananas and a plenty of ice water, to be furnished by the party of the second part.

"And the party of the first part hereby promise and agree with the said party of the second part to pay him therefor the sum of fifteen hundred dollars for two thousand dinners, for all over two thousand the party of the first part agrees to pay for each person seventy-five cents, (.75) except mutually agreed that all members of bands of music present, shall be entitled to their dinners at the expense of the party of the second part and without charge to the party of the first part."

The contract was partially performed by the plaintiff, acting in good faith, but, owing to certain difficulties and disappointments encountered by him, he failed to furnish either in quality or quantity such an entertainment as he promised he would. The defendants partook of the dinner provided but expressed at the time their dissatisfaction with it. The declaration contains

a special count on the agreement and also the common counts.

The learned judge ruled in effect that, if the plaintiff failed to fully perform his contract, he could not recover at all on the special count, but might recover on the common counts for the reasonable value of the food actually furnished and partaken. This was not strictly correct. The plaintiff was entitled to recover, upon the contract, the price that was to be paid for the dinners less the amount of the deficiency. The jury should have allowed the contract price less what it would have required to make the dinners what it was agreed they should be. The deduction would be the difference between agreed value and actual value. If the plaintiff were allowed to recover actual value, he might possibly get under that rule even more than the contract price. The contract is the guide by which the differences of the parties are to be adjusted. The same rule is to be observed as in the warranty of personal property. The plaintiff warranted the entertainment to be what it professed to be. *Smith* v. *Berry*, 18 Maine, 122; *Furlong* v. *Polleys*, 30 Maine, 401; *Tufts* v. *Grewer*, 83 Maine, 407; *Morse* v. *Moore*, 83 Maine, 473.

But the theory of damages upon which the trial was conducted by the court was not objected to by either party, and no exceptions are alleged to the rulings on this point. The plaintiff, however, contended that, upon the rule of damages adopted by the court, he should be allowed for the value of the food furnished to the musicians as well as for that partaken by the Masons, and the following colloquy occurred between the plaintiff's counsel and the court:

"Mr. Meaher. Would not the plaintiff be entitled to recover also what the band ate?

"The Court. I think not, only for what the Masons ate. He agreed to furnish the dinners free for the band anyway.

"Mr. Meaher. If any of the food was wantonly destroyed would he not be entitled to recover for that?

"The Court. I think he would if it was wantonly destroyed."

We think this was a misinterpretation of the contract by the court. It could not have been intended that the plaintiff would

furnish any dinners for nothing. Although awkwardly expressed, the meaning is plain enough that there should be no additional charge for dinners furnished the musicians. The general consideration of fifteen hundred dollars covered payment for two thousand Masons and all the musicians. Caterers rarely give away dinners on such occasions, and more rarely covenant in written agreements that they will do so. The ruling on this point was excepted to.

We think the theory of the trial as adopted by the court, with the acquiescence of the parties, should have been enforced to its logical consequences, and that if any food consumed on the occasion was to be paid for, then all food so furnished should be. If the case is to be tried upon a wrong rule, then that rule should be observed and not broken. It should not be the rule for a part of the case only. The plaintiff seems to have been fairly entitled to the instruction claimed by him.

We are satisfied that there is enough in the exceptions to authorize us to award a new trial.        *Exceptions sustained.*

WALTON, VIRGIN, EMERY, FOSTER and HASKELL, JJ., concurred.